```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

BOARD OF TRUSTEES OF THE      *
MASTERS, MATES & PILOTS       *
PENSION PLAN et al.           *
                              *
v.                            *   Civil Action No. WMN-13-1005
                              *
DENNIS J. CARNEY et al.       *
                              *
  *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Plaintiffs are the trustees of three member benefit plans of the Masters, Mates & Pilots labor union: a pension plan, an individual retirement account plan, and a health plan. Defendant Dennis Carney (Dennis) has been a member of that union since 1977. Plaintiffs bring this action for declaratory judgment and equitable relief seeking the resolution of a dispute as to which of two women claiming to be Dennis's wife is actually his wife and thus entitled to benefits under those plans.

Dennis states in his affidavit that he married his first wife, Defendant Santina Vega Carney (Santina), in Tome, Chile in 1975, and they were divorced on July 25, 1983, in Tabasco, Mexico. Dennis's Aff. ¶ 3. Dennis married his second wife, Defendant Nilsa Carney (Nilsa), on August 20, 1983, in Los Angeles, California. Id. ¶ 7. Dennis and Nilsa had three children, all of whom are now emancipated. Dennis divorced

1

Nilsa on December 29, 2006.  Id. ¶ 9.  As part of Dennis's divorce from Nilsa, a Qualified Domestic Relations Order was entered specifying that Nilsa would be paid certain benefits from Dennis's pension plan.

Dennis retired on or about April 1, 2010.  He received a lump sum distribution of his pension at that time and also continues to receive monthly annuity payments.  Pursuant to the Qualified Domestic Relations Order, Nilsa also received a lump sum payment upon Dennis's retirement and continues to receive monthly annuity payments.

On or about August 9, 2011,[1] Santina wrote to Plaintiffs claiming that, while she and Dennis separated in 1983, their divorce "has not been finalized" and, therefore, she is "still his legal wife."  Compl. Ex. E.  She was aware that Dennis had recently retired and was writing to inquire as to what benefits and pension she was entitled.  Id.  Santina followed up with additional letters on September 16 and 29, 2011, stating that the Mexican divorce that Dennis attempted to obtain was "illegal," and that the Social Security Administration had

---

[1] The letter is dated August 9, 2010, but Plaintiffs state that this date is erroneous.

investigated that divorce and concluded that she remains Dennis's legal wife. Compl. Exs. F and G.[2]

In response to her letters, and particularly in light of the purported results of the Social Security Administration's investigation of the divorce,[3] Plaintiffs informed Dennis and Nilsa that the initial determination regarding the lump sum payments and continued annuity payments was invalid and that repayment would be required. Dennis's counsel contacted Plaintiffs, disputing that determination, and Plaintiffs stayed any action to recoup or suspend payments to Dennis and Nilsa, thus preserving the status quo. Plaintiffs did begin providing health benefits to Santina as of January 1, 2012.

Plaintiffs then filed this action asking the Court to issue a declaratory judgment resolving the following three questions:

1) Is the Mexican divorce of Dennis and Santina valid?;

2) Are Dennis and Santina legally married?;

3) Was the marriage between Dennis and Nilsa valid?

---

[2] Santina also states that she showed the Mexican divorce papers to Judge Joseph Wapner and he concluded that the divorce was not legal. Compl. Ex. G. Santina provides no additional information about Judge Wapner or the court over which he was presiding, but this Court is aware that a Judge Joseph Wapner was the judge on the syndicated television show, "The People's Court" from 1981-1993, which is within the time frame to which Santina refers.

[3] The Complaint references letters from the Social Security Administration that Santina received and forwarded to Plaintiffs, Compl. ¶ 32, but those letters were not attached to the Complaint.

3

Based on the resolution of these questions, the Complaint sets out the implications for each of the three Defendants in terms of continued entitlement to benefits or liability for repayment. Compl. ¶¶ 40-50.

Dennis has filed a motion for summary judgment, ECF No. 11, arguing that Santina has no right, claim, or benefit under the plans. In his affidavit accompanying his motion, he states that, immediately after his divorce from Santina almost thirty years ago, she was removed from his benefit plans. This removal resulted in the loss of her medical and dental benefits and yet, Santina never challenged the removal of those benefits until the recent claim that is the subject of this litigation. Dennis's Aff. ¶ 5. Dennis states that he last saw Santina in 1987 and they have not communicated since that time. Id. ¶ 6. Furthermore, since the divorce, Santina has represented herself as single, including in a statement made under oath in a November 2009 bankruptcy petition. Dennis Ex. 1. Based on this evidence, Dennis contends that Santina is estopped from now asserting that he is her husband and that she is entitled to benefits under his union plans.

As to the law to be applied to this estoppel argument, Dennis notes that there are several possibilities. Santina resided in New York at the time of the 1983 divorce. Dennis, however, was living in California at the time. Santina now

lives in New Jersey. Dennis suggests that New York law should apply but also notes that analysis under the laws of either California or New Jersey would yield the same result.

Under New York law, "a spouse who by acts indicates acquiescence in the divorce and so induces the other spouse to act upon the assumed validity of the decree cannot be heard to contest it." Weiner v. Weiner, 216 N.Y.S.2d 788, 789 (N.Y. App. Div. 1961). "While mere inaction or delay does not constitute laches, an estoppel based on laches is appropriate where the lapse of time and the intervention of circumstances which render it unjust for the court to aid the challenger occur." In re Guido, 438 N.Y.2d 9, 11 (N.Y. App. Div. 1981). Chief among those intervening circumstances under which courts have found estoppel is where a spouse remarries or has children in a second marriage in reliance on the apparent acquiescence of the former spouse. See Schuman v. Schuman, 137 N.Y.S.2d 485, 490 (N.Y. 1954) ("plaintiff, by reason of her delay of almost ten years, is guilty of gross laches and is therefore estopped from challenging here the Florida [divorce] decree, especially in view of the defendant's remarriage in reliance thereon"); Kreiger v. Kreiger, 306 N.Y.S.2d 441, 446 (N.Y. 1969) (holding that action by husband to have divorce declared invalid commenced 12 years after decree and after wife remarried was barred by laches); Berkley v. Berkley, 142 N.Y.S.2d 273, 276-77

(N.Y. 1955) (opining that thirteen year delay, remarriage, and birth of two children to that remarriage could constitute sufficient prejudice and change of position to warrant estoppel).

Defendant Santina, proceeding pro se, submitted a three page letter that the Court will view as her opposition to Dennis's motion for summary judgment. In addition to being unsworn, Santina's statement does not address Dennis's estoppel argument in any meaningful way. She does not dispute that she indicated she was unmarried in her bankruptcy filing. She acknowledged that she received copies of documents from the Mexican divorce in 1983. She does assert, however, that she was told by a judge that the Mexican divorce was invalid and suggests that she did not challenge the divorce at the time because Dennis was a violent person and might cause her harm.

On a motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that the moving party has the burden of production to show that there is no genuine issue for trial on the issues, claims, or defenses raised in that motion. Fed. R. Civ. P. 56(a). When the moving party has met that burden, the nonmoving party must come forward with admissible evidence showing that there is a genuine issue for trial. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). "Where the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Id.

As noted above, Santina's "opposition" was unsworn and she presented no other evidence to challenge Dennis's motion. Were Santina's submission a sworn statement, the Court nonetheless would find it insufficient to create a genuine issue of material fact regarding her ability to contest the validity of a divorce proceeding that occurred almost thirty years ago. In that interim, Dennis was married to Nilsa for 23 years and raised three children together. After thirty years of silence, to permit Santina to now raise an issue challenging the validity of that second marriage would be plainly inequitable. Accordingly, the Court will grant Dennis's motion and will issue a declaration that Santina has no claim for benefits under Plaintiffs' plans.

Plaintiffs also responded to Dennis's motion and indicated that, were the Court to grant Dennis's motion, the case would not be fully resolved, in that the Court would still need to make a declaration regarding Dennis's and Nilsa's entitlement to benefits, Santina's obligations to repay benefits she has received, and whether Plaintiffs are entitled to the award of fees and costs. ECF No. 12.[4] The Court will instruct Plaintiffs

---

[4] Plaintiffs also filed a motion to strike Dennis's affirmative defenses on the ground that they were insufficiently pled and

to submit a proposed order resolving those remaining issues, along with any accompanying authority for that requested relief.[5] Defendants will be provided the opportunity to respond to that proposed order, if needed.

A separate order consistent with this memorandum will be issued.

_____/s/_____

William M. Nickerson
Senior United States District Judge

DATED: December 3, 2013.

---

his prayer for attorneys' fees on that ground that attorneys' fees are not available to him in this action. ECF No. 13. Dennis responded by filing an amended answer, ECF No. 17-1, more specifically identifying the facts supporting his defenses and withdrawing his request for attorneys' fees. The Court will deny Plaintiffs' motion to strike as moot.

[5] In light of this ruling, it does not appear that any discovery is required to resolve the remaining issues. If Plaintiffs believe otherwise, they can explain that need to the Court in lieu of submitting the proposed declaratory order.