IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOARD OF TRUSTEES OF THE       *
MASTERS, MATES & PILOTS        *
PENSION PLAN et al.            *
                               *
                               *
v.                             *   Civil Action No. WMN-13-1005
                               *
DENNIS J. CARNEY et al.        *
                               *
  *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Plaintiffs are the trustees of three member benefit plans of the Masters, Mates & Pilots labor union. Defendant Dennis Carney (Dennis) has been a member of that union since 1977. Plaintiffs brought this action for declaratory judgment and equitable relief seeking the resolution of a dispute as to which of two women claiming to be Dennis's wife is entitled to benefits under those plans. On December 3, 2013, this Court issued a memorandum and order granting a summary judgment motion filed by Defendant Dennis Carney. ECF Nos. 21 and 22. The Court held that Dennis's first wife, Defendant Santina Vega Carney (Santina), was not entitled to those benefits.

In reaching that conclusion, the Court did not opine as to the validity of Dennis's 1983 attempt to divorce Santina in Mexico. Instead, the Court held that Santina was estopped from contesting the validity of that divorce. For almost thirty

1

years, Santina has represented that she was single, including in a statement under oath made in conjunction with her bankruptcy proceedings. In the meantime, Dennis remarried and raised three children to adulthood. In light of that undisputed evidence, the Court held that, "[a]fter thirty years of silence, to permit Santina to now raise an issue challenging the validity of [Dennis's] second marriage would be plainly inequitable." ECF No. 21 at 7.

On December 16, 2013, the Court received a letter from Santina, with various documents attached, which the Court will treat as a motion for reconsideration. ECF No. 23. The letter and attachments, however, relate solely to Santina's challenge to the validity of the 1983 Mexican divorce. She does not address, in any way, the issue of estoppel, which was the basis of the Court's previous ruling. Accordingly, the motion for reconsideration will be denied.

In its memorandum and order, the Court also requested that Plaintiffs submit a proposed order addressing any remaining issues in this litigation, along with a memorandum providing authority for that requested relief. Plaintiffs have now done so. ECF No. 24. In their proposed order, Plaintiffs ask the Court: (1) to issue a declaration that they have properly paid

2

Dennis and Dennis's second wife, Nilsa Carney (Nilsa), all benefits due them to date, and (2) to award the Masters, Mates & Pilots Health & Benefit Plan (the Plan) an equitable lien, restitution and a constructive trust judgment in the amount of $63,738.26 from Santina, which Plaintiffs assert is the amount of errant benefit payments Santina has received from the Plan.

As to the first request for a declaration regarding Dennis and Nilsa's entitlement to benefits, the Court will include that in its final order. As noted by Plaintiffs, that declaration is the logical corollary to the Court's indication in its prior memorandum that it would issue a declaration that Santina is not entitled to benefits. The Court will decline, however, to include any award of restitution from Santina to the Plan for whatever benefits that may have been provided in the past. The Court notes that Plaintiffs have provided little explanation and no supporting evidence regarding payments made to Santina.[1] The Court also notes that it appears that Santina requested those benefits based on her reliance on a determination by the Social Security Administration that she remained legally married to Dennis. While Plaintiffs assert that the Plan documents allow

---

[1] In the Complaint, Plaintiffs allege that they have paid $30,828.54 in health claims for Santina's benefit, Compl. ¶ 36, but provide no supporting documentation even for that amount of benefits paid.

3

for the recovery of overpayments, ECF No. 24 at 5, it is not clear that Santina was made aware of that provision when she requested and received benefits from the Plan.

A separate order consistent with this memorandum will be issued.

_____/s/_____

William M. Nickerson
Senior United States District Judge

DATED: March 11, 2014